UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-60487-CIV-COHN/SELTZER

MARK SANZ,

    Plaintiff,

v.

ALEXANDER FERNANDEZ,
ALEXANDER FERNANDEZ, P.A.,
d/b/a/ "PROFESSIONAL LANDLORD SERVICES," and
AVANTI WAY REALTY, LLC

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Complaint or Alternatively Motion to Strike ("Motion to Dismiss") [DE 17]. The Court has carefully considered the Motion to Dismiss, Plaintiff's Response [DE 23], and the record in this case, and is otherwise advised in the premises.[1]

## I. BACKGROUND

Luis Gallo is the owner/landlord of a property located at 11318 Rhapsody Rd, Cooper City, FL 33026. Complaint, DE 1, Ex. B. Plaintiff Mark Sanz is a tenant of this property. Id. On January 28, 2009, Defendant Avanti Way Realty, LLC ("Avanti"), a company which provides property management and debt collection services, allegedly prepared a Notice to Pay Rent or Quit ("Eviction Notice") because Plaintiff owed rent to Gallo. Id. ¶ 13. According to Plaintiff, the Notice neither stated that it was being sent

---

[1] Defendants did not file a reply and the time for filing a reply has passed.

1

from a debt collector, nor did it provide information regarding Plaintiff's right to dispute the debt. Id. ¶¶ 15-16.

Avanti later retained the services of Defendant Fernandez and Defendant Fernandez, P.A. ("Defendants") for collection of the debt. Id. ¶ 19. Defendants run a business under the name "Professional Landlord Services" ("PLS"). The PLS website advertises that PLS will "enforce [a landlord's] lease agreement to collect . . . rent [and] . . . make sure debtors are accountable for their debts[.]" Id. ¶¶ 25-26. Defendants sent various written correspondences to Plaintiff. Id. ¶ 21. These correspondences neither stated that they were being sent from a debt collector, nor did they provide information regarding Plaintiff's right to dispute the debt. Id. ¶¶ 22-23. Additionally, Defendants filed a lawsuit in state court seeking eviction and money damages, signing the complaint as agent for Luis Gallo ("Eviction Complaint"). Id. ¶¶ 27, 29, Ex. B.

Plaintiff's complaint alleges that Defendants are "debt collectors" who, through the above stated acts, have violated various sections of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Id. ¶¶ 8, 33-34. The complaint includes the following claims: failure to accurately disclose plaintiff's rights in violation of 15 U.S.C. § 1692g(a)(3)-(5) (Count I); failure to disclose status as a debt collector in violation of 15 U.S.C. § 1692e(11) (Count II); failure to register for a debt collection license as required by the FCCPA in violation of 15 U.S.C. § 1692e (Count III); declaratory relief and permanent injunction in accordance with the FCCPA (Count IV); and unlawful demand for attorney's fees in violation of the FDCPA (Count V). Defendants move to dismiss all counts of Plaintiff's complaint on the grounds that they are not debt collectors attempting to collect a debt under the FDCPA

and FCCPA. Motion to Dismiss, DE 17, at 1-5. Defendants alternatively move to strike paragraphs 8, 9, 18, 26, 30, and 32 of Plaintiff's complaint. Id. at 5.

## II. Motion to Dismiss Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 550 U.S. at 555. As under Conley, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Id. at 553-55. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556 (citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible." Id. at 571.

### III. Counts I, II, III, & V

To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (internal quotation omitted). Defendants dispute that they have engaged in debt collection activity and that they are "debt collectors" as defined by the FDCPA.

#### 1. Debt Collection Activity

While the statute contains no clear definition of what constitutes a "debt collection activity," courts, in attempting to effect the purpose of the FDCPA, are lenient with its application. The Supreme Court has held that the filing of legal proceedings on behalf of a creditor can constitute a debt collection activity. See Heintz v. Jenkins, 514 U.S. 291, 293-96 (1995) (quoting BLACK'S LAW DICTIONARY 263 (6th ed. 1990) which states that "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings.").

Plaintiff asserts that it has been the object of Defendants' debt collection activity as Defendants "sent various written correspondences to Plaintiff" in an attempt to collect delinquent rent owed to Plaintiff's landlord. Complaint, DE 1, ¶ 21. Additionally, Plaintiff asserts that Defendants filed a complaint against Plaintiff in which Defendants sought, among other relief, actual money damages and attorney's fees ("Eviction Complaint"). Id. ¶¶ 27, 29. Defendants, however, argue that the Eviction Notice, which preceded the Eviction Complaint, provided no indication that it was sent by Defendants in an effort to

collect debt. Motion to Dismiss, DE 17, at 4. Defendants, citing <u>Cole v. Lobello Painting, Inc.</u>, No. 8:06-CV-2171-JDW-MSS, 2007 WL 2330860 (M.D. Fla. Aug. 14, 2007), further argue that "the Eviction Complaint filed in the name of Luis Gallo, i.e. the landlord creditor, does not constitute an attempt to collect a debt by a debt collector." Motion to Dismiss, DE 17, at 3-4.

Defendants correctly point out that the attached correspondence is signed by Luis Gallo and does not indicate that it was sent by Defendants; however, the lack of any facial indication that Defendants sent the correspondence is not dispositive. At the motion to dismiss stage, a court primarily considers only "the face of the complaint and the attachments thereto." <u>Brooks v. Blue Cross & Blue Shield of Fla.</u>, 116 F.3d 1364, 1368 (11th Cir. 1997) (citation omitted). Because the sending, by a non-creditor, of correspondences advising a consumer of the amount due can constitute a debt collection activity, see <u>Sandlin v. Shapiro & Fishman</u>, 919 F. Supp. 1564, 1566-70 (M.D. Fla. 1996), further discovery is necessary to determine whether Defendants did in fact send the Notice. For now, Plaintiff's allegation that Defendants "sent various written correspondences to Plaintiff" coupled with the attached Notice seeking payment of delinquent rent adequately alleges that it has been the object of collection activity arising from consumer debt.

Furthermore, while Luis Gallo, Plaintiff's creditor/landlord is the named plaintiff in the Eviction Lawsuit, Plaintiff correctly points out that Defendant Fernandez filed and signed the Eviction Complaint as an "agent for Luis Gallo." Defendants incorrectly rely on <u>Cole v. Lobell Painting, Inc.</u>, No. 8.06-CV-2171-JDW-MSS, 2007 WL 2330860 (M.D. Fla. 2007) in arguing that an eviction complaint filed in the name of another does not

5

constitute an attempt to collect a debt. It is well settled that the FDCPA applies to the litigating acts of an attorney, including the filing of a complaint on behalf of a creditor. Heintz v. Jenkins, 514 U.S. 291, 299 (1995); see also Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1368 (M.D. Fla. 2002). In these cases, the creditor in the debt collection action is still named as the plaintiff in the lawsuit, while the attorney has merely filed or signed the complaint on behalf of the creditor. See, e.g., Eads v. Wolpoff & Abramson, LLP, 538 F. Supp. 2d 981 (W.D. Tex. 2008) (denying a motion to dismiss when plaintiff alleged that attorney engaged in debt collection activity by filing an "Original Petition to Confirm Arbitration Award" in a lawsuit in which the creditor was named as plaintiff).

While Plaintiff does not allege that Defendants are licensed attorneys, a person's status as a licensed attorney is irrelevant when analyzing whether their conduct constitutes a debt collection activity. When determining whether a person's actions constitute debt collection activity, the main focus is on whether they have engaged in this activity on behalf of another. See 15 U.S.C. § 1692a(6) (2006). While Section 1692a(6) does exempt certain persons who engage in debt collection activity on behalf of another from being governed by the FDCPA, non-attorneys are not exempted.

Cole v. Lobell Painting, Inc., recognizes that a creditors actions, and those of its officers and employees, do not constitute an attempt to collect debt under the FDCPA; however, Cole is inapplicable in this case. No. 8.06-CV-2171-JDW-MSS, 2007 WL 2330860, at *2 (M.D. Fla. 2007). Plaintiff has not named Luis Gallo, Plaintiff's creditor, as a defendant in this lawsuit. Moreover, Plaintiff has not alleged that Defendants are officers or and that officers and employees of Luis Gallo. Rather, Plaintiff has alleged

that Avanti "retained the services of or forwarded the alleged debt to [Defendants] for collection." Therefore, Plaintiff's allegations that Defendants sent various written correspondences to Plaintiff and filed the Eviction Complaint against Plaintiff adequately allege that plaintiff was the object of debt collection activity under the FDCPA.

### 2. Debt Collector

Under the FDCPA,

> [t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (2006). The consumer's creditors, the originators of the debt, are not considered debt collectors under the FDCPA. Id. § 1692a(6)(F)(ii). It is important to note that in order to constitute a debt collector, a person must "regularly" engage in debt collection, while a business must have as its "principal purpose" debt collection. Id. § 1692a(6). In determining whether a plaintiff has adequately alleged that a person or business regularly engages in debt collection activities, or whether a business's principal purpose is debt collection, courts have considered whether a party has held itself out as a debt collector and also the volume, frequency, pattern, and history of a party's debt collection activity. See, e.g., Perez v. Saxon Mortg. Servs., Inc., No. 8:06-cv-1239-T-24 TBM, 2006 WL 2868938, at *1, *4 (M.D. Fla. Oct. 6, 2006) (denying defendant's Rule 12(b)(6) motion when plaintiff alleged that defendant was a debt collector, that defendant held itself out as a debt collector to plaintiffs, and that defendant "made over fifty calls to [p]laintiff" in a ten month period); Brussels v.

Newman, No. 06-61325-CIV-COHN/SNOW, 2007 WL 676189, at *1-2 (S.D. Fla. Feb. 28, 2007) (denying defendant's Rule 12(b)(6) motion when plaintiff, in its complaint, alleged that defendants "regularly collected or attempted to collect monies from consumers" and "[f]or an extended period of time prior to the filing of [plaintiff's complaint,] . . . maintained a practice and pattern of transmitting or causing to be transmitted dunning letters in the form of Collection Communication to consumers . . . to collect monies").

In the instant case, Plaintiff alleged that Defendants are debt collectors as defined by the FDCPA who "regularly use the mail and telephone in a business, the purpose of which is the collection of debts." Complaint, DE 1, ¶¶ 7-8. Additionally, Plaintiff alleges that Defendants operate PLS, a business which provides debt collection services for landlords. Id. ¶¶ 8, 25-26. Specifically, Plaintiff alleges that the PLS website advertises that it will enforce lease agreements to collect rent and "make sure debtors are accountable for their debts." Id. ¶ 26.

Defendants rely on Reynolds v. Gable Residential Services, Inc., 428 F. Supp. 2d 1260 (M.D. Fla. 2006) in arguing that a property manager cannot be considered a debt collector under the FDCPA. Reynolds, however, is distinguishable. In Reynolds, a property manager, pursuant to an agreement, collected monthly rent from tenants on behalf of the property owner. Id. at 1262, 1264. The court held that because the property manager had a fiduciary obligation to collect monthly rent on behalf of the property owner before the rent was in default, the property manager was not collecting rent as a debt collector. Id. at 1264.

8

Contrary to Reynolds, Plaintiff has not alleged that Defendants had a fiduciary obligation to collect Plaintiff's rent on behalf of Gallo before it was in default. Rather, Plaintiff has alleged that, only after it received the Eviction Notice in regards to an alleged delinquency of Plaintiff's rent, did Avanti retain the services of or forward the alleged debt to Defendants for collection. Complaint, DE 1, ¶¶ 13, 19. Thus, because Plaintiff has not alleged that Defendants owed Gallo any prior fiduciary duty and that the debt owed to Gallo was already in default when Avanti retained Defendant's debt collection services, Reynolds is inapplicable.

Although Plaintiff does not allege what specific proportion of the Professional Landlord Services business is engaged in debt collection, Plaintiff does allege that Defendants "regularly collect or attempt to collect debts for other parties" and "regularly use the mail and telephone in a business, the purpose of which is the collection of debts." Complaint, DE 1, ¶¶ 7-8. Additionally, the allegation that Defendants advertise their debt collection services on their website, id. ¶ 26, evince that Defendants held themselves out as debt collectors. Thus, Plaintiff has adequately alleged that Defendants are debt collectors as defined by the FDCPA.

### 3. Violation of the FDCPA

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Accordingly, the FDCPA sets forth numerous requirements with which debt collectors must comply. Specifically, among other requirements, the FDCPA requires a debt

9

collector to: (1) disclose in its initial communication with the consumer, its status as a debt collector, 15 U.S.C. § 1692e(11), and (2) send to the consumer, within five days of its initial communication with the consumer, written notice which discloses certain consumer rights, id. § 1692g. Furthermore, the FDCPA prohibits a debt collector from (1) "[t]hreat[ening] to take any action that cannot legally be taken or that is not intended to be taken," id. § 1692e(5), (2) engag[ing] in any conduct, the natural consequence of which is to harass, oppress, or abuse any person[,]" id. § 1692d, and (3) making "false, deceptive, or misleading representation or means[,]" id. § 1692e.

Counts I and II of the Complaint allege that the correspondences failed to provide information that they were being sent from a debt collector in violation of 15 U.S.C. § 1692e(11) and that the correspondences "failed to provide information of Plaintiff's right to dispute the debt in violation of 15 U.S.C. § 1692(g)(1)(3)-(5)." Complaint ¶¶ 22, 23. Count III alleges that Defendants "failed to properly register to collect debts in the State of Florida" as required by sections 559.553 and 559.555 of the Florida Statutes[2] and, by attempting to collect the debt, threatened to take action that could not legally be taken. Therefore, Counts I, II, and III adequately allege that "the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (internal quotation omitted).

---

[2] Sections 559.553 and 559.555 of the Florida Statutes govern the practices of "debt collectors." The definition of a "debt collector" under the FCCPA mirrors that of the FDCPA. Reynolds, 428 F. Supp. 2d 1260, 1265. Compare, FLA. STAT. § 559.55(6)(f) (2006), with 15 U.S.C. § 1692a(6) (2006). Because Plaintiff has adequately alleged that Defendants are debt collectors under the FDCPA, Plaintiff has also adequately alleged that Defendants are governed by the FCCPA.

Count V of the Complaint asserts that Defendants unlawfully sought attorney's fees in the Eviction Complaint and, as a result, violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), and 1692f. Plaintiff alleges that Defendants, as nonlawyers, are prohibited from filing a complaint seeking monetary damages on behalf of Gallo and by doing so,

> [d]efendants violated the [FDCPA] by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. § 1692d; by using false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. § 1692e; by making a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. § 1692e(2)(A); by making false representation of the compensation which may be lawfully received by any debt collector of a debt in contravention of 15 U.S.C. § 1692e(2)(B); by making a threat to take an action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C. § 1692e(5); by using false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. § 1692e(10); by using unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. § 1692f; and by attempting to collection [sic] an amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law in contravention of 15 U.S.C. § 1[6]92f(1).

Complaint, DE 1, ¶ 44.

The drafting, preparing, or filing pleadings on behalf of another constitutes the practice of law and may not be engaged in by a nonlawyer. Fla. Bar v. We the People Forms & Serv. Ctr. of Sarasota, Inc., 883 So. 2d 1280 (Fla. 2004). Because Plaintiff alleges that the Defendants are nonlawyers who filed the Eviction Complaint seeking attorney's fees as agent for Luis Gallo, and that this action violates 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), and 1692f, Plaintiff has adequately alleged that the defendant has engaged in an act or omission prohibited by

the FDCPA." <u>Pescatrice v. Orovitz, P.A.</u>, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (internal quotation omitted).

### IV.  Count IV

Count IV of Plaintiff's complaint seeks: (1) "a declaration that Defendant's practices are in violation of the FDCPA and FCCPA[;]" and (2) "a permanent injunction prohibiting Defendants from collecting debts in the State of Florida without first obtaining a license . . . ." Complaint ¶¶ 40, 42. Defendants move to dismiss Count IV, arguing that they are governed by neither the FDCPA nor the FCCPA as they are not debt collectors engaging in debt collection activities.

Section 559.553 of the Florida Statutes prohibits a person from "engag[ing] in business in [Florida] as a consumer collection agency or [from] continu[ing] to do business in [Florida] as a consumer collection agency without first registering in accordance with [Title 33, Chapter 559, Part IV of the Florida Statutes.]" FLA. STAT. § 559.553. A consumer collection agency is defined as "any debt collector or business engaged in the business of soliciting consumer debts for collection or of collecting consumer debts." <u>Id.</u> § 559.55(7). Under the FCCPA, the definition of a "debt collector" under the FCCPA mirrors that of the FDCPA. <u>Reynolds</u>, 428 F. Supp. 2d 1260, 1265. <u>Compare</u>, FLA. STAT. § 559.55(6)(f) (2006), <u>with</u> 15 U.S.C. § 1692a(6) (2006). Because Plaintiff has adequately alleged that Defendants are debt collectors under the FDCPA, Plaintiff has also adequately alleged that Defendants are debt collectors under the FCCPA. Thus, Plaintiff has adequately alleged that by failing to register to collect debts, it has violated Section 559.553 of the Florida Statutes.

Furthermore, the FCCPA allows a court to "provide such equitable relief as it deems necessary or proper." Fla Stat. § 559.77. The equitable relief authorized includes the authority to grant injunctive relief. <u>Berg v. Merchts. Ass'n Collection Div.</u>, 586 F. Supp 2d 1336, 1345 (S.D. Fla. 2008). Therefore, since 28 U.S.C. § 2201 (2006) provides federal courts with the authority to "declare the rights and other legal relations of any interested party seeking such declaration," and because Section 559.77 of the Florida Statutes allows a court to "provide such equitable relief as it deems necessary or proper," Plaintiff has adequately stated a claim for declaratory relief and permanent injunction.

## V. Motion to Strike

Defendants alternatively seek to strike Paragraphs 8, 9, 18, 26, 30, and 32 of Plaintiffs complaint, asserting that these paragraphs fail to conform to the Federal Rules of Civil Procedure's pleading requirements. Defendants argue that these paragraphs contain "inappropriate citations to case law and alleged excerpts from a purported website which have no bearing on the instant lawsuit." Motion to Dismiss, DE 17, at 5.

Motions to strike are disfavored by federal courts. <u>Craig Funeral Home, Inc. v. State Farm Mutual Auto. Ins. Co.</u>, 254 F.2d 569, 572 (5th Cir. 1958).[3] "[T]he only grounds upon which averments of the complaint can be stricken are that such averments are 'redundant, immaterial, impertinent, or scandalous.'" <u>Id.</u> (quoting FED. R. CIV. P. 12(f)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." <u>Id.</u> (Rives, J.,

---

[3]The decisions of the United States Court of Appeals for the Fifth Circuit issued prior to the close of business on September 30, 1981 are binding as precedent in the Eleventh Circuit. <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

concurring specially) (internal quotations omitted).  Because the Court finds none of Plaintiff's averments to be "redundant, immaterial, impertinent, or scandalous[,]" Defendant's motion to strike is denied.

## VI. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint or Alternatively Motion to Strike is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7TH day of July, 2009.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE